UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ALEXANDER S. L.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00031-JPH-MKK |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Alexander L. seeks judicial review of the Social Security Administration's decision denying his petition for Disability Insurance Benefits and Supplemental Security Income. He argues that the Administrative Law Judge erred when determining his Residual Functional Capacity ("RFC") because she failed to address whether his seizure disorder would cause him to be off task at a job, and if so for how long. For the reasons that follow, the decision is **REVERSED and REMANDED** for further proceedings.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

# I.
# Facts and Background

In January 2020, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income, alleging a disability that began on October 1, 2016. Dkt. 9-2 at 11. Plaintiff's application was initially denied in February 2020 and on reconsideration in October 2020. *Id.*

On May 11, 2021, Administrative Law Judge Jody Hilger Odell held a hearing on Plaintiff's claim. *Id.* On August 4, 2021, she issued a decision concluding that Plaintiff was not disabled under the Social Security Act. *Id.* at 11–20. After Plaintiff's agency appeal was denied in November 2021, he appealed the denial of benefits to this Court under 42 U.S.C. § 405(g). *Id.* at 2.

In her decision, the ALJ followed the five-step sequential evaluation in C.F.R. §§ 404.1520(a)(4), 416.920(a) and concluded that Plaintiff was not disabled:

- At Step One, Plaintiff has not engaged in substantial gainful activity since the alleged onset date, October 1, 2016. Dkt. 9-2 at 14.

- At Step Two, Plaintiff has "the following severe impairments: obesity; seizure disorder; and amputation of 3 fingers on the right hand." *Id.*

- At Step Three, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

- After Step Three but before Step Four, the Plaintiff has the RFC "to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the Plaintiff can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never be required to climb ladders, ropes, or scaffolds; frequently push and pull with the right upper extremity; occasionally finger with the right upper extremity; and never be required to work around unprotected heights, moving mechanical parts, or operate a motor vehicle." *Id.*

- At Step Four, Plaintiff had no past relevant work. *Id.* at 18-19.

- At Step Five, considering Plaintiff's "age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy" that the Plaintiff can perform. *Id.* at 19.

## II.
## Applicable Law

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability . . . to engage in any substantial gainful activity. Second, it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002). When an applicant seeks judicial review of a benefits denial, the Court's role is limited to ensuring that the ALJ applied the correct legal standards, and that substantial evidence supports the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v), evaluating in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform their past work; and (5) whether the claimant is capable of performing work in the national economy.

3

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "If a claimant satisfies steps one, two, and three, they will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then they must satisfy step four." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(e), (g).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the benefit denial. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard or is not supported by substantial evidence, a remand for further proceedings is typically appropriate. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).

### III.
### Analysis

The ALJ concluded that the Plaintiff was not disabled because, despite his seizure disorder, he retained the RFC to perform a reduced range of light work. Dkt. 9-2 at 14. Plaintiff argues that the ALJ committed reversible error in reaching that conclusion because she did not address whether having a seizure would result in Plaintiff being off task and if so, for how long. Dkt. 15

at 1. The Commissioner responds that the ALJ supported her RFC finding with substantial evidence. Dkt. 17 at 8.

The RFC represents "the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008). "The RFC assessment must . . . identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." SSR 96-8p, Fed. Reg. 34474-01, at *1 (July 2, 1996); *see Yurt v. Colvin*, 758 F. 3d 850, 857 (7th Cir. 2014) ("[T]he ALJ's RFC assessment must incorporate all of the [plaintiff's] limitations supported by the medical record."). The ALJ must therefore analyze "the individual's ability to perform sustained work in an ordinary work setting"; that is, for "8 hours a day, for 5 days a week." SSR 96-8p at *7.

The Court's "role is to determine whether the ALJ applied the right standards and produced a decision supported by substantial evidence," which is "relevant evidence that a reasonable mind could accept as adequate to support a conclusion." *Jeske v. Paul,* 955 F.3d 583, 587, 595–96 (7th Cir. 2020). "The ALJ is not required to mention every piece of evidence but must provide an 'accurate and logical bridge' between the evidence" and her conclusion, so that "a reviewing court . . . may assess the validity of the agency's ultimate findings." *Craft*, 539 F.3d at 673.

Here, the ALJ recognized that Plaintiff's seizures "could reasonably be expected to cause the alleged symptoms" of "zon[ing] out and star[ing] off into space." Dkt. 9-2 at 15–16. But she found that his treatment had been

"sporadic and inconsistent" and that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence . . . in the record." *Id.* at 16–17. She therefore found that Plaintiff's seizures required only restrictions on work that would require "him to climb ladders, ropes, or scaffolds" or be "expos[ed] to unprotected heights, moving mechanical parts, or operation of a motor vehicle." *Id.* at 17. The ALJ did not analyze whether experiencing a seizure would result in Plaintiff being off task and if so, for how long. *See id.*

Before the ALJ, Plaintiff had the initial "burden to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting [his] capacity to work." *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018) (citing *Schmidt v. Barnhart*, 395 F.3d 737, 745–46 (7th Cir. 2005)). He met that initial burden here. His treating neurologist characterized his seizures as "intractable." Dkt. 9-13 at 74. And Plaintiff "testified that he currently has seizures once or twice in a two-week period" that prevent him from focusing. Dkt. 9-2 at 15. He did not know how long the seizures last because they "occur abruptly without a warning" and afterward other people have to tell him that he had a seizure because "he does not remember having them." *Id.* at 15, 47. But when he has a seizure, he "zones out and stares off into space." *Id.* at 15.

That evidence is enough to require the ALJ to consider whether Plaintiff would be off task when he experienced a seizure at work, and if so for what amount of time. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022)

6

("Essentially, an ALJ's RFC analysis must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations."). But she did not do so, despite identifying Plaintiff's seizure disorder as a "severe impairment" that "significantly limit[s] the ability to perform basic work activities." Dkt. 9-2 at 14. Moreover, the ALJ imposed other restrictions—like avoiding ladders, ropes, scaffolds, unprotected heights, and moving mechanical parts—to "protect against danger to himself and others in the event he experiences a seizure." *Id.* at 17. Since those restrictions assume that Plaintiff would have seizures at work, the ALJ should have also considered whether experiencing a seizure would result in time off task and if so, for how long. *See Mandrell v. Kijakazi*, 25 F.4th 514, 519 (7th Cir. 2022) ("Just as troublesome is the ALJ's failure to reconcile his own apparently contradictory findings."); *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019) (holding that case must be remanded to the ALJ because "there was no restriction related to stress in the RFC" despite evidence that Plaintiff "often appeared tense, anxious, and/or restless").

Instead, the ALJ recounted medical evidence that Plaintiff's seizures had improved—but not stopped—and "note[d] that his treatment has been sporadic and inconsistent." *Id.* at 16–17.[2] But while that evidence may support the ALJ's finding that Plaintiff's "seizure disorder is not as severe or as limited as

---

[2] The Plaintiff insists that his sporadic treatment is because of his lack of medical insurance. Dkt. 15 at 12–13. Because the ALJ's opinion must be reversed since her reasoning does not address off-task limitations, the Court does not consider whether the ALJ was permitted to consider the sporadic treatment.

7

he claims," it does not grapple with the ALJ's other finding that the seizure disorder was "severe," or address whether experiencing a seizure would cause Plaintiff to be off task and if so, for how long.  *See Crump v. Saul*, 932 F.3d 567, 570–71 (7th Cir. 2019) (faulting the ALJ for "disregard[ing] the highly relevant opinion of the VE" about how much time the plaintiff could be off task); SSR 96-8p, at *7 (The ALJ "must discuss the individual's ability to perform sustained work activities.").  Since the ALJ did not address that question, her RFC was "altogether uninformed by considerations of off-task time" and the Court cannot trace a logical bridge to her conclusion.  *Crump*, 932 F.3d at 570; *see Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010).

To be sure, Plaintiff does not specify how much time he believes experiencing a seizure would cause him to be off task, so his seizure disorder may not preclude employment.[3]  He did, however, provide evidence requiring the ALJ to address that question, so his claim must be remanded for her to do so in the first instance.  *See Winsted*, 923 F.3d at 477.

## IV.
## Conclusion

The ALJ's decision is **REVERSED and REMANDED** for further proceedings.  Final judgment will issue by separate entry.

---

[3] At Plaintiff's hearing, the vocational expert testified that "distractive behavior like a seizure would eventually preclude employment" if it were to produce an excess of 15% of time of task within a work environment.  Dkt. 9-2 at 56–57.

**SO ORDERED.**

Date: 3/30/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution

All electronically registered counsel.